IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL E. FLOURNOY,

                      Plaintiff,                      ORDER

    v.                                                             14-cv-554-jdp

JOHN G. MCKENZIE,
UNITED STATES ATTORNEY OFFICE NDI-WD,
THOMAS G. BRUTON, MARY T. LINDBLOOM,
TERENCE JAMES HEATHERMAN,
NEAL C. GRUHN, WAYNE JACKOWSKI,
CRAIG SMITH, ADAM KING,
JOHN D. RICHARDSON, FREDERICK J. KAPALA,
JENNIFER TABORSKI, TINA M. CACCIATORE,
WINNEBAGO COUNTY SHERIFF'S OFFICE,
LARRY MARINO, DOMINIC ISPARRO,
ROBERT JUANEZ, DANIEL FREEDLUND,
JOSEPH BOOMER, BRAD KAISER, and
JULIE DODD,

                      Defendants.

---

      Pro se prisoner Michael Flournoy filed a proposed complaint under 42 U.S.C. § 1983 in which he alleged that defendants violated his constitutional rights by prosecuting him in federal court. Plaintiff alleged that defendants violated the full faith and credit clause and 28 U.S.C. § 1738 by initiating federal criminal proceedings after a state court dismissed charges of criminal conduct against him arising from the same underlying events. I screened plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, and I determined that plaintiff had failed to state a claim upon which relief can be granted. I noted that dismissal of a state criminal case does not prevent the federal government from bringing federal criminal charges. Dkt. 7.

      Plaintiff has moved for reconsideration. Dkt. 10. He principally contends that the screening order failed to apply Illinois statutory law regarding subsequent criminal prosecutions. This argument does not provide a basis for reconsidering whether plaintiff's complaint states a

claim upon which relief can be granted because, as I explained in the screening order, plaintiff's theory of this case rests on a misunderstanding of the relationship between the state and federal criminal justice systems. I will therefore deny plaintiff's motion.

Plaintiff directs the court to 720 ILCS 5/3-4(a)(2), which states that

> A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if that former prosecution . . . was terminated by a final order or judgment, even if entered before trial, that required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution.

The statute also bars prosecution of a defendant who is first prosecuted in a District Court of the United States for the same conduct. 720 ILCS 5/3-4(c). But 720 ILCS 5/3-4 is a *state* statute which bars subsequent *state* criminal prosecutions. The statute does not apply in plaintiff's case because he was prosecuted in *federal* court after his state charges were dismissed.

More fundamentally, plaintiff reads too much into the state court's order dismissing the charges against him. Plaintiff appears to contend that the order has preclusive effect and that the state court found that his involvement in a controlled drug buy did not constitute any state or federal crime. Plaintiff is incorrect for two reasons. First, the order makes no such finding; instead, the state court simply dismissed a criminal case on the state prosecutor's motion. Dkt. 10-1, at 1. The state court did not find plaintiff innocent of the charges against him. As I explained in the screening order, this is common practice when state prosecutors decide to drop cases and allow the federal government to bring charges.

Second, even if the state court had found plaintiff to be innocent of the state charges against him, that finding would be issue preclusive only to the question of whether plaintiff committed the two state crimes charged in that case. But the federal government did not charge plaintiff with committing any state crimes; it charged plaintiff with violating 21 U.S.C. § 846, a

federal crime. The Illinois state court did not—and indeed, could not—determine whether plaintiff committed a federal crime, and its dismissal order therefore did not bar the federal government from prosecuting plaintiff.

The rest of plaintiff's motion for reconsideration largely repeats theories of the full faith and credit clause and of 28 U.S.C. § 1738 that failed to state a claim for relief in his proposed complaint. For the reasons explained in the screening order, no set of facts could entitle plaintiff to the relief he seeks under these theories. Plaintiff's motion also briefly discusses the doctrine of qualified immunity, Dkt. 10, at 8, but as I noted in the screening order, many of the defendants that plaintiff names in this case are protected by *absolute* immunity, Dkt. 7, at 4 n.2. Finally, as he did in his proposed complaint, plaintiff's motion again vaguely alludes to inadequate medical care. In the screening order, I explained that the lone allegation of deliberate indifference in plaintiff's proposed complaint was at odds with the rest of his pleadings, which focused on the full faith and credit clause. *Id.* at 4. Plaintiff is free to pursue allegations of inadequate medical treatment in a separate lawsuit, but this case is about whether plaintiff can state a claim under the full faith and credit clause. I concluded that he cannot, and plaintiff's motion for reconsideration does not offer a justification for revisiting that conclusion.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Flournoy's motion for reconsideration, Dkt. 10, is DENIED.

2. The clerk of court is directed to close this case.

Entered February 10, 2015.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge