UNITED STATES DISTRICT COURT FOR

WESTERN DISTRICT OF WISCONSIN

Mr. Flournoy, Michael E.

    V.                    14-cv-554-pdp

JOHN G. MCKENZIE, et.al.

NOTICE OF APPEAL FROM FINIAL JUDGMENT IN CIVIL CASE AND MOTION TO STAY FINE PENDING APPEAL

    NOW comes Plaintiff/Appellant, Mr.Flournoy, Michael E. on his notice of appeal from the order issued by the District Court of Wisconsin(The Court). Mr.Flournoy respectfully moves this court to waive the fine ordered by this court or suspend it pending the review of the questions of law in the Plaintiff/Appellant's statement below:

1. This appeal is directed at the order of the District Court, which passes on the necessary laws and factual claims of violations of Appellants civil rights, in the Pro-se compliant filed, all of which happened prior to being indicted in Federal Court, ie. before 'any' prosecution began.

2. The court has erred in reviewing the States final order, from which the violation(s) of Plaintiffs civil rights stem. This is not the basis of the Appellants claim, although the order does explain the events that lead up to the prosecution, as well as the damage from which these acts caused, in this conspiracy to deprive Plaintiff of his rights.

3. Mr.Flournoy has request the District Court to, "in the alternative allow this motion to serve as a notice of appeal in the aboved related cause with respect to the required time limits to do so"(p.11 motion to reconsider), which this court

has failed to do/ remained silent on.

4. The Court has been put on notice, via civil complaint, that Defendant(s) have committed acts which violated 'established law', before bringing charges. While the court acknowledges that (Mr.Flournoy case under Illinois law) the finial state order has a preclusive effect that 'bars' further prosecutions based on this 'single' event, the court has failed to apply the full faith and credit which congress has demanded to this final order, not as stated in the U.S. Constitution(from state to state), rather as stated in the Federal Statute under 28 USC §1738. Overlooking these facts permits Defendant(s) to use invalidated acts to deprive Mr.Flournoy of his due process rights.

5. The Court has also, without jurisdiction to do so, passed on the res judicata effect of this state court decision, sua sponte, to review the order of the state court, which on its face meets the required burden as "declared invalid by a state tribunal authorized to make such determination" (Illinois Final Order), however, the Court has not addressed the merits on this claim in doing so.

6. The complaint alleges a violation of 42 § 1985, which started before any of the Defendant(s) prosecuted the Plaintiff on the matter which had already been invalidated, which gives Plaintiff rights to seek damages. This fact along states "absent the arrest by the State of Illinois by which Plaintiff was taken into custody, the Government never gets the chance to meet Mr.Flournoy."

7. The Court has made a note worthy point in its findings which Mr.Flournoy is in agreement with, the only thing that is

different in the federal prosecution is the "statute code", while the name of the alleged violation in both cases (dismissed Illinois & Federal courts), as well as the 'state officers who alleged the claim of violations', 'state evidence', and the laws from which Plaintiff was taken into custody are the same that the state of Illinois invalidated. The court has also erred in its finding that 'sham prosecutions', where one sovereign is used as a tool for another is a "common practice" while the U.S.Supreme Court has deemed this act impermissible.

8. No other issues were raised in the District Courts logic for the denial of the civil action brought by the Plaintiff/Appellant, setting aside the sua sponte affirmative defense that the court believed could be raised, so we feel no need to re-address any of the remaining meritorious claims.

9. The District Courts have not granted 'absolute immunity' for violations of citizens civil rights before the start of prosecution, and has not passed on conspiracy to deprive its citizens of those rights. The complaint is not a 1983 claim, it is a 28 § 1331 Bivens action, from which the court has been reminded, yet has failed to adjust its findings as such.

10. The violations of state and government procedure are due process violations, such as the Petite policy and the likes, are evidence of misconduct by these rouge officers, whose actions are clearly contrary to manifest public interest, which should not be swept under the rug.

11. Unlike the common complaint that has been before the Seventh Circuit, Mr.Flournoy was not found guilty in state court where the acts committed equal a violation of federal

law. Rather, his case was dismissed under Illinois law, which has a statutory preclusive effect. Illinois has left "NO SUBSTANTIAL FEDERAL INTERESTS DEMONSTRABLY UNVINDICATED" in this matter, and under Illinois law the LOWEST amount of time served by the Plaintiff if found guilty would be 60yrs!, 40 more the an enhanced federal sentence.

12. The Court has also erred in sua sponte certifying that the Defendant(s) were acting within the scope of their "office or employment at the time of the incident out of which the claim arose", absent certification by the Attorney General, per 28 USC §2679, which provides remedy for violation by government employees, who violate Constitution of United States and/or statute of the United States.

13. Plaintiff also enjoys the privilege to enforce the breached contracts complained of, sue, give evidence and have "the full and equal benefit of all the laws and proceedings for the security of persons and property as is enjoyed by white citizens" and the rights protected against any impairment(s), as guaranteed by 42 USC §1981

14. The logic of the Courts ruling is non-existent in the U.S. Constitution/ the U.S.Statute; which on its own can-not stand lawfully in place of the Illinois and Federal statute(s) which grants full faith and credit to the finial order of Illinois. The order operates as the invalidation of the events that took place in the State of Illinois, from which one of its officers acted in its jurisdiction, with authority over all members who were present, as stated in the relevant reports, attached as exhibits for the complaint.

15. Lastly, the courts/statute never suggested that the policy

considerations which compelled civil immunity for certain governmental officials also placed them beyond the reach of the criminal law. Among the violations complained of, 18 USC § 242 has criminal sanctions for deprivations under the color of law. Not even judicial immunity can prevent a Plaintiff from obtaining prospective relief against a judicial officer acting in his judicial capacity, let along these out of bounds Defendants. These Defendant(s) acted in "clear absence of all jurisdiction" when they violated the Plaintiff, and if they are allowed to go un-punished for this selective prosecution, justice has failed.

Respectfully submitted,

/s/: Mr. Flournoy, Michael E. (Pro-Se)#44862-424

*Mr. Flournoy, Michael E.*   2-19-15

FCI OXFORD, P.O.BOX 1000, OXFORD, WI. 53952.