IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL E. FLOURNOY,

    Plaintiff,

v.

JOHN G. MCKENZIE,
UNITED STATES ATTORNEY OFFICE NDI-WD,
THOMAS G. BRUTON, MARY T. LINDBLOOM,
TERENCE JAMES HEATHERMAN,
NEAL C. GRUHN, WAYNE JACKOWSKI,
CRAIG SMITH, ADAM KING,
JOHN D. RICHARDSON, FREDERICK J. KAPALA,
JENNIFER TABORSKI, TINA M. CACCIATORE,
WINNEBAGO COUNTY SHERIFF'S OFFICE,
LARRY MARINO, DOMINIC ISPARRO,
ROBERT JUANEZ, DANIEL FREEDLUND,
JOSEPH BOOMER, BRAD KAISER, and
JULIE DODD,

    Defendants.

ORDER

14-cv-554-jdp

---

I dismissed pro se prisoner Michael Flournoy's complaint for failure to state a claim upon which relief could be granted. Dkt. 7. But plaintiff still owes the balance of the filing fee, which he must pay off in installments, pursuant to 28 U.S.C. § 1915(b). Plaintiff does not dispute that he owes the balance, but he contends that prison officials cannot deduct funds from his incoming deposits, unless those deposits exceed $10.

Plaintiff has filed a motion that he styles as one for contempt, contesting the way in which officials at FCI-Oxford have taken funds from his inmate account to pay the remainder of his filing fee. Dkt. 25. In particular, plaintiff identifies two deposits to his inmate account that did not exceed $10, but from which prison officials deducted 20%. According to

plaintiff, these deductions violate § 1915(b), as well as a letter from the Clerk of Court to the warden of FCI-Oxford.

A motion for contempt is probably not the right vehicle to raise plaintiff's concern because there is no "order" from this court with which prison officials have failed to comply. Plaintiff incorrectly assumes that the letter from the Clerk of Court was an order; it was not. *See* Dkt. 9. But I will consider plaintiff's concern on the merits, which turn on his interpretation of § 1915, a provision of the Prison Litigation Reform Act (PLRA). I will deny plaintiff's motion because prison officials are properly withholding a portion of each deposit into his account for payment toward the balance owed on his filing fee.

Under the PLRA, an inmate who files a lawsuit in federal court under the *in forma pauperis* statute must pay the statutory filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in monthly installments until the remaining balance for his case is paid in full. 28 U.S.C. § 1915(b). Plaintiff's challenge concerns the monthly installments, for which the statute explains that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* § 1915(b)(2). Here, plaintiff contends that prison officials cannot take 20% of his funds as they come into his account, unless those funds exceed $10. Plaintiff's argument is not entirely clear, but he appears to rely on the second sentence of the statute, which he interprets to mean that prison officials cannot take the 20% contribution from any deposit that is under $10. Plaintiff's interpretation of the statute is incorrect.

The first sentence of § 1915(b)(2) requires prisoners to deduct 20% from *all* of a preceding month's income to pay toward a filing fee. The statute does not limit this deduction to only deposits that exceed $10. Any income to the inmate, regardless of source, is available for the 20% payments toward unpaid filing fees. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). FCI-Oxford's finance office is ensuring that plaintiff complies with his obligations under the statute by taking 20% from each deposit as it comes in. This is consistent with the first sentence of § 1915(b)(2).

With regard to the second sentence of the statute, plaintiff's interpretation is a variant of one that this court has already rejected. The sentence is not a model of clarity, but it makes sense in context. As explained in *Williams v. Litscher*, the second sentence addresses when payments should be forwarded to the court. 115 F. Supp. 2d 989, 991-93 (W.D. Wis. 2000), *modified on reconsideration,* No. 00-cv-451, 2000 WL 34239347 (W.D. Wis. Dec. 1, 2000). "Read literally, the second sentence of § 1915(b)(2) appears to direct prison officials to wait to send a check to the court until the balance of the prisoner's account exceeds $10. However, this cannot be what Congress intended." *Id.* at 991. Such a reading would allow prisoners to avoid paying their filing fees simply by ensuring that they never have more than $10 in their accounts. To avoid such an unreasonable result, federal courts in Wisconsin have interpreted the second sentence to allow prison officials to wait to send a check to the court until a prisoner's accumulated deductions exceed $10. *Id.*; *see also Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042-43 (E.D. Wis. 2001). The reasoning of *Williams* is sound. The purpose of the second sentence of § 1915(b)(2) is not to make sure that inmates have some balance in their accounts to spend freely; it is to avoid the inefficiency of issuing a check for a few cents every time an inmate receives a small deposit.

Officials at FCI-Oxford are authorized to deduct or otherwise hold 20% from each deposit into plaintiff's account for application to any unpaid filing fees. Prison officials may wait to forward payments to the court until the amount available exceeds $10.

IT IS ORDERED that plaintiff Michael Flournoy's motion for contempt, Dkt. 25, is DENIED.

Entered July 7, 2015.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge